UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DREAMA STIDHAM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:04-CV-139 |
| ) | No. 3:04-CV-168 |
| ) | (Jordan/Guyton) |
| TIMOTHY HUTCHISON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 95] of the Honorable Leon Jordan, Senior United States District Judge, for disposition of the plaintiffs' motions to compel. [Docs. 76-79].

### I. Motion to Compel Timothy Hutchison

The plaintiffs first move to compel the defendant Timothy Hutchison to provide responsive answers to the plaintiffs' interrogatories and requests for production served on February 25, 2005, and to have the discovery responses signed "by his attorney the Knox County Law Director." The plaintiffs further seek an award of attorney's fees, expenses, and sanctions against Timothy Hutchison and attorney Robert H. Watson pursuant to Fed. R. Civ. P. 37(a)(4) on the grounds that the original responses were evasive, incomplete, and "a part of a pattern and practice to delay and make discovery oppressive and unnecessarily expensive." The plaintiffs' counsel

certifies in the motion that he has met and conferred with attorney Watson prior to filing this motion but was unable to resolve the issues. [Doc. 76].

The defendants oppose the plaintiffs' motion, arguing that Hutchison's responses to the interrogatories and requests for production were appropriate and proper. [Docs. 86, 89].

The plaintiffs first object to defendant Hutchison's response to interrogatory no. 2, which provides as follows:

> 2. Please state the name of each person assisting you in preparing your answers to these interrogatories.
>
> ANSWER: My attorney.

The plaintiffs contend that this response is "intentionally non-responsive and evasive." The plaintiffs object to attorney Watson signing discovery responses on Hutchison's behalf because, they contend, Hutchison has been dismissed in his individual capacity. The plaintiffs contend that the Knox County Law Director should sign such responses on behalf of defendant Hutchison.

The Court finds that defendant Hutchison's response to interrogatory no. 2 is entirely appropriate. Attorney Watson continues to represent Hutchison in this matter because Hutchison remains a defendant in his individual capacity as to the plaintiffs' state law claims. The defendant's response is not evasive, and the plaintiffs' objection to it is without merit.

The plaintiffs next object to the defendant's responses to interrogatory no. 8, which asks the defendant to "state the date and nature of each complaint that has been made against you to [the] Knox County Sheriff's Department Internal Affairs orally or in writing" and interrogatory no. 9, which seeks "the date and nature of each complaint that has been made against you to the Knox County Sheriff, a supervisor or any other employee of Knox County either orally or in writing." The Court finds these requests as worded are overbroad and not reasonably calculated to

lead to the discovery of admissible evidence. Accordingly, the plaintiffs' motion to compel further response to this interrogatory shall be **DENIED**.

Plaintiffs next argue that defendant Hutchison failed to properly respond to interrogatory no. 10, which asks if Hutchison has ever been charged with a criminal offense. The Court has reviewed defendant Hutchison's response and finds it to be sufficient.

Plaintiffs move to compel defendant Hutchison to answer without objection interrogatories nos. 11, 12, and 13, which ask respectively: (1) whether Hutchison wants Knox County to pay any judgment that may be entered against him; (2) whether Hutchison obtained a resolution of the Knox County Commission authorizing the hiring of the attorneys representing Hutchison in this case; and (3) whether Knox County is paying for the attorneys and legal expenses for Hutchison's defense. The Court finds that these interrogatories seek information which is not relevant to any claim or defense in this civil action. The defendant properly objected to these interrogatories, and the Court will not compel a further response.

Plaintiffs object to the defendant's response to interrogatory no. 16, which provides as follows:

> 16. For jury selection purposes, please state your wife's name, if married, and if she works outside the home, the name of her employer.
>
> ANSWER: Defendant's wife's name is Jan Hutchison. Objection is raised as to Defendant's wife's work status. She is not party to this lawsuit. If plaintiff requests this information, a protective will be sought.

3

Case 3:04-cv-00168   Document 104   Filed 06/27/05   Page 3 of 7   PageID #: 107

The Court agrees with the defendant that information regarding the employment of Hutchison's wife is not relevant to this civil action. Defendant will not be required to further supplement this response.[1]

Finally, the plaintiffs move to compel a more complete response to request no. 2, which seeks "all reports, memorandums [sic], or writings of any kind prepared or adopted by you that relate in any manner to the events pertaining to the Complaint." Hutchison objected on the grounds that the term "adopted" needed to be defined. Hutchison further stated that he did not prepare any reports, memoranda or writings individually. As far as "adopted" writings, Hutchison stated that he did not know whether he has seen all reports, memoranda or writings related to this case.

The Court agrees with the defendant that the term "adopted" should be more clearly defined. The plaintiffs may propound an amended interrogatory which sufficiently defines this term. The Court will not compel a further response to this request as currently worded.

For the reasons set forth above, Plaintiffs' Motion to Compel Answer to Fed. R. Civ. P. Rule 33 Interrogatories from Timothy Hutchison Signed by His Attorney the Knox County Law Director and Rule 37(b)(4) Expenses and Sanctions and 28 U.S.C. § 1927 Sanctions [Doc. 76] is **DENIED**.

---

[1] While the Court finds that the defendant's objections are well-founded, the Court notes that the defendant often failed to identify the specific grounds for its objections. In the future, the Court expects the defendant, and all parties, to specifically state the grounds for any objections made to interrogatories or requests for production.

4

**II.     Motion to Compel Individual Defendants**

The plaintiffs move to compel the defendants Keith Lyons, Mike Griffins, Steve Webb, Perry Moyers, Donnie Chamberlain, Roy Treece, and Tom Cox, all of whom are represented by attorney Gary Prince, to file responses to the plaintiffs' interrogatories and request for production of documents, which was served on February 25, 2005.  The plaintiffs further move for sanctions and expenses against Attorney Prince for his failure to file responses prior to, or bring such responses to depositions on, April 1, 2005.  In the motion, the plaintiffs' counsel certifies that he conferred with Attorney Prince in an effort to resolve this dispute without court intervention.  [Doc. 77].  The plaintiffs supplemented their motion on June 17, 2005, to advise the Court that to date, no response to the plaintiffs' motion had been filed, and that no discovery responses had been served.  [Doc. 97].  The defendants subsequently filed a response on June 21, 2005, advising that responses would be provided prior to depositions being taken on June 23, 2005.  [Doc. 98].

The plaintiffs failed to comply with Local Rule 37.2, which requires motions to compel to "include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."  On this basis alone, the Court finds that the plaintiffs' motion [Doc. 77] should be denied.  As further basis for denial, the Court notes that the defendants have provided their responses to the discovery requests.  [Doc. 101]. Accordingly, the plaintiffs' motion to compel is moot.

For these reasons, Plaintiffs' Motion to Compel Answers from Defendants Keith Lyons, Mike Griffins, Steve Webb, Perry Moyers, Donnie Chamberlain, Roy Treece, and Tom Cox and for Sanctions [Doc. 77] is **DENIED**.

5

**III.   Motion to Compel Answers to Written Questions**

The plaintiffs move pursuant to Rule 31 of the Federal Rules of Civil Procedure to compel Knox County Clerk Mike Padgett and Knox County Mayor Mike Ragsdale to file answers under oath to questions presented to them on February 25, 2005. The plaintiffs move for sanctions and expenses for the failure of Knox County to provide answers to these written questions. [Doc. 78].  Knox County opposes the plaintiffs' motion. [Doc. 88].

Motions to compel "must include a certification that the movant has in good faith conferred with or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B).  The plaintiffs' motion [Doc. 78] does not contain any such certification.  On this basis alone, denial of the motion is appropriate.  See Pearison v. Pinkerton's, Inc., 2003 WL 21212651, at *1 (E.D. Tenn. Apr. 9, 2003).  Accordingly, Plaintiffs' Motion to Compel Answers to Fed. R. Civ. P. Rule 31 Written Questions [Doc. 78] is **DENIED** without prejudice.  Plaintiffs' request for sanctions [Doc. 78] is also **DENIED**.

**IV.   Motion to Compel Knox County**

The plaintiffs move to compel the defendant Knox County to comply with Plaintiffs' Rule 30(b) discovery.  The plaintiffs further move for sanctions and expenses against Knox County. [Doc. 79].

The plaintiffs' motion [Doc. 79] does not contain a certification that the plaintiffs' counsel conferred or attempted to confer with opposing counsel about this dispute, as required by Rule 37(a)(2)(B). On this basis alone, denial of the motion is appropriate.  Accordingly, Plaintiffs' Motion to Compel Knox County to Comply with Plaintiffs' Notice of Depositions of February 24,

6

2005 and for Fees and Sanctions Pursuant to Fed. R. Civ. P. Rule 37(a)(4) [Doc. 79] is **DENIED** without prejudice. Plaintiffs' request for sanctions [Doc. 79] is also **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

_s/ H. Bruce Guyton_
United States Magistrate Judge